POLSTON, C.J.,
dissenting.
At the heart of this dispute is whether an agreement to arbitrate was ever concluded, which is a different issue from whether an agreement to arbitrate is valid. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 n. 1, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (reversing this Court and explaining that “[t]he issue of the contract’s validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded”).
After conducting an evidentiary hearing, the trial court ruled that there was not a meeting of minds on arbitration (i.e., no agreement to arbitrate was ever concluded), and “accordingly no valid agreement for this Court to enforce.” On appeal, the Third District Court of Appeal did not address this ruling by the trial court and completely sidestepped it. Instead, the Third District ruled that the stand-alone
“Agreement to Arbitrate Disputes” is unenforceable because it is unconscionable. Hialeah Auto., LLC v. Basulto, 22 So.3d 586, 591 (Fla. 3d DCA 2009). Then, on rehearing, the Third District remanded to the trial court on an issue regarding the arbitration clause contained in the “Retail Installment Contract” and stated that “[t]he buyers are free on remand to request a ruling ... that there was no agreement to arbitrate.” Id. at 593.
The majority finds conflict between the Third District’s opinion and Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), explaining that the Third District did not apply the requirement outlined in Seifert that courts must consider “whether a valid written agreement to arbitrate exists” when ruling upon motions to compel arbitration. See majority op. at 1151-52. However, in Seifert, this Court addressed the scope of the arbitration agreement at issue, not whether an agreement to arbitrate was ever concluded. In fact, Seifert was a wrongful death action, and the question addressed by this Court was whether the arbitration provision in a contract for the sale and purchase of a house required that wrongful death action to be arbitrated. 750 So.2d at 635. Further, unconscionability (which was a primary focus of the Third District’s opinion) was not at issue in any way in Seifert.
Accordingly, there is no conflict between the Third District’s opinion and Seifert, and the Court should not be reviewing this case. Because there is no jurisdiction, I do not reach the merits of the ease. I respectfully dissent.
CANADY, J., concurs.